UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH RAMIREZ,

    Plaintiff,

v.                                                CASE NO. 8:19-CV-670-T-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## **ORDER**

This is an appeal of the administrative denial of disability insurance benefits (DIB), period of disability benefits, and supplemental security income benefits (SSI).[1] *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Plaintiff argues the administrative law judge (ALJ) erred in assessing her fibromyalgia; erred in assessing her rheumatoid arthritis, and erred in assessing her mental impairments (R. 25). She claims these errors affected the ALJ's RFC determination, his credibility determination, and how he weighed the opinions of her treating doctor (Ina). After consideration of the parties' memoranda (docs. 25, 26, and 29), and the administrative record (R. 13), I find remand necessary.

    *A.*    *Background*

Plaintiff, Deborah Ramirez, born on September 23, 1969, was forty-three years old on her alleged onset date, October 24, 2012. Her date last insured (DLI) is December 30, 2017. She completed high school and attended some college (R. 57-58). Her past relevant work includes

---

[1] The parties have consented to my jurisdiction. *See* 28 U.S.C. § 636(c).

working for fifteen years as a property manager of an apartment complex (R. 286). Plaintiff claims disability due to fibromyalgia, osteoarthritis, lumbar spondylosis, cervical spondylosis, anxiety, depression, radiculopathy, rheumatoid arthritis, chronic fatigue syndrome, and carpal tunnel syndrome (R. 285). She has never been married and lives in a house with a friend (R. 863).

Plaintiff filed applications for DIB and period of disability benefits on November 5, 2012. After her claims were denied at the administrative level, an ALJ held a hearing on September 30, 2014, and found her not disabled in a decision dated December 11, 2014 (R. 34-45). Thereafter, the Appeals Council denied review on April 18, 2016, and Plaintiff filed a complaint in district court seeking review of the Commissioner's decision (R. 1, 907-909). This Court issued an order on August 7, 2017, finding the ALJ erred in weighing Plaintiff's treating doctor's opinions, explaining:

> … the Eleventh Circuit has observed that "[Fibromyalgia's] cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia." Additionally, "a treating physician's determination that a patient is disabled due to fibromyalgia is even more valuable because there are no objective signs of severity and the physician must interpret the data for the reader." Therefore, it was error for the ALJ to reject Dr. Ina's opinion merely for a lack of objective evidence.

Order, case no.: 8:16-cv-1696-T-AAS (doc. 22) (quoting *Stewart v. Apfel*, 245 F.3d 793 (11th Cir. 2000)); (R. 978-88). The Court further found that "review of the rest of the [ALJ's] opinion reveals a heavy focus on testing and other objective evidence which … is inappropriate in the context of a fibromyalgia diagnosis." (Order, p.8). In remanding the case, this Court explained:

> … the Court cannot conclude that the ALJ articulated good cause for giving little weight to the opinion of Plaintiff's treating physician or that the ALJ's RFC determination is supported by substantial evidence. Remand is required for further evaluation of the medical opinions of record, with particular attention paid to subjective evidence of fibromyalgia.

(Order, pp.8-9). The Appeals Council entered an order on March 9, 2018, vacating the Commissioner's final decision and remanding the case to an ALJ for further proceedings consistent with the order of the court (R. 993). The Appeals Council directed the ALJ to consolidate Plaintiff's subsequent claims for benefits, associate the evidence, and issue a new decision on the consolidated claims (R. 993).

The ALJ held a hearing on July 26, 2018, then entered a decision denying Plaintiff's applications for DIB and period of disability protectively filed on November 5, 2012, and her application for SSI benefits protectively filed on November 5, 2012 (R. 821-854). Specifically, the ALJ found Plaintiff had the following severe impairments: fibromyalgia, osteoarthritis, degenerative disc disease, obesity, chronic fatigue syndrome, degenerative joint disease, seronegative erosive rheumatoid arthritis, generalized anxiety disorder, major depressive disorder, and social anxiety disorder (R. 827). The ALJ concluded that:

> the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can lift and/or carry 20 pounds occasionally and lift and/or carry 10 pounds frequently; she can stand and/or walk 6 hours in an 8 hour workday and sit for 6 hours in an 8 hour workday with normal breaks; she can never climb ropes, ladders, or scaffolds; she can perform at most occasional on all other postural activities including climbing ramps/ stairs, balancing, stooping, [sic] couching, kneeling, and crawling; she is limited to gross and fine manipulation of the right hand to frequent; she must avoid concentrated exposure to extreme cold and heat; she must avoid even moderate exposure to the hazards; she is limited to unskilled work SVP 1 or 2 and simple, routine, and repetitive tasks; and she can tolerate occasional interaction with the general public, coworkers, and supervisors.

(R. 830). The ALJ opined that, with this RFC, Plaintiff cannot perform her past relevant work, but can work as a marker/ pricer; mail clerk (referring to private industry); and advertising material distributor (R. 839). After the ALJ's decision became final, Plaintiff timely filed this action. *See* R. 822.

*B.     Standard of Review*

To be entitled to DIB and/or SSI, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f),

(g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

*C. Discussion*

Plaintiff's primary contention is that the ALJ erred by failing to properly consider her fibromyalgia when he formulated the RFC, weighed her subjective complaints, and weighed the medical opinions. I agree. After concluding at step two that Plaintiff's fibromyalgia is a severe impairment, the ALJ focused on her "conservative treatment," her doctors' "unremarkable" examination notes, and the lack of "significant clinical or laboratory abnormalities." As a result, he assigned little weight to Plaintiff's treating doctor Ina's opinions, found Plaintiff's testimony concerning the disabling nature of her fibromyalgia inconsistent with the medical evidence, and concluded she retains the RFC to perform a reduced range of light work. This is especially troubling because this court already remanded Plaintiff's case once before based on the same ALJ's failure to properly consider fibromyalgia's notorious lack of objective signs and improper rejection

of Dr. Ina's opinion due to a lack of objective evidence. *See* Order, case no.: 8:16-cv-1696-T-AAS (doc. 22). Unfortunately, despite the remand instructions "for further evaluation of the medical opinions of record, with particular attention paid to subjective evidence of fibromyalgia," the ALJ again failed to discuss the subjective nature of fibromyalgia when he weighed Dr. Ina's and other providers' opinions and when he considered Plaintiff's own reports and testimony (R. 824-840) necessitating another remand.

Per the American College of Rheumatology, "[f]ibromyalgia is a clinical syndrome defined by chronic widespread muscular pain, fatigue and tenderness … Unfortunately, there are no what are called 'objective markers' - evidence on X-rays, blood tests or muscle biopsies - for this condition, so patients have to be diagnosed based on the symptoms they are experiencing.'"[3] This circuit recognizes this science, and requires an ALJ to support any rejection of a claimant's pain complaints with acceptable evidence. *Moore v. Barnhart,* 405 F.3d 1208, 1211-1212 (11th Cir. 2005) (although fibromyalgia lacks objective signs, substantial evidence supported the ALJ's findings that the daily activities of a Plaintiff who suffered from fibromyalgia were inconsistent with her pain testimony).

Plaintiff testified that Dr. Ina was her primary care physician for 23 years; she had to switch to a new provider when she lost her insurance (R. 1012). On November 6, 2012, Dr. Ina opined that Plaintiff was "totally disabled" and "unable to hold any type of meaningful work" (R. 542). On July 12, 2013, Dr. Ina opined that Plaintiff could lift less than ten pounds; could stand or walk for 5 minutes before changing positions; could stand and walk less than 2 hours in an 8-hour workday; could sit less than 2 hours in an 8-hour workday; would need to walk around every 5

---

[3] www.rheumatology.org/public/factsheets/diseases_and_conditions/fibromyalgia.asp

minutes for a period of 5 minutes; would need to lie down at unpredictable intervals; could occasionally twist, stoop, crouch, and climb stairs, could never climb ladders; would be limited in her ability to reach, handle, finger, and push or pull; should avoid concentrated exposure to extreme heat, noise, and fumes; should avoid even moderate exposure to extreme cold, wetness, and humidity; should avoid all exposure to hazards; and would miss work more than three times per month due to her impairments (R. 654-655).

In weighing Dr. Ina's opinions, the ALJ stated baldly that "Dr. Ina's own examination notes were inconsistent with a sedentary exertional level;" that "his examination notes were for the most part unremarkable and without significant clinical or laboratory abnormalities;" and that the notes "consistently described the claimant as in no acute distress, extremities with good pulses and no edema, back with good range of motion and multiple areas of tenderness and spasm, and no neurological findings" (R. 832). But this is not a complete picture. In deciding that the medical evidence was inconsistent with Plaintiff's allegations of chronic pain and inability to perform basic functions, the ALJ failed to sufficiently consider or discuss that fibromyalgia often lacks objective signs, thus increasing the importance of the physician's interpretation of a patient's symptoms and value of his determination that a patient is disabled. Review of Dr. Ina's voluminous office visit notes reveals that in 2012 Plaintiff had "multiple tender points diffusely" and "pain in multiple areas" (R. 524); "diffuse pain in multiple areas of the body" (R. 526); "great difficulties performing her activities of daily living without frequent periods of rest. Her quality of life is diminished by history because of pain and muscle spasms and joint stiffness;" (R. 540); and "chronic pain involving multiple regions of the body" (R. 544). Records from January 14, 2013, show worsening:

> The patient has increasing fatigue, as well as increasing arthralgia, especially involving the knees, wrists, elbows, hands, and ankles. The patient's quality of life is not well. The patient has great difficulties performing the minimal required activities of daily living. Methotrexate seems to be losing it's [sic] effectiveness.

(R. 548). On that date, examination revealed tenderness involving the joints and multiple areas of tenderness with palpable muscle spasms, and Dr. Ina reiterated his opinion that Plaintiff has been totally disabled since October 24, 2012 (R. 549-551). Subsequent records from Dr. Ina in 2013 reveal Plaintiff's fibromyalgia problems continued despite physical therapy, epidural injections, and treatment with both pain management and rheumatology specialists. Dr. Ina observed Plaintiff had "chronic diffuse pain involving multiple areas of the body" and that her medical conditions were debilitating (R. 553).

Importantly, the evidence from other medical sources are consistent with Dr. Ina's records. For example, in February 2013, rheumatologist David Sikes assessed Plaintiff's longstanding arthralgias with diffuse pain and multiple other features, opining that she meets the American College of Rheumatology criteria for fibromyalgia (R. 590). In March 2013, Dr. Sikes confirmed fibromyalgia was the "primary cause" of Plaintiff's pain (R. 583). He observed that Plaintiff had "multiple nondefining features of fibromyalgia syndrome. Central Sensitivity Syndrome including sleep disorder, fatigue, headaches, allodynia, endometriosis, chronic pelvic pain, chest pain, palpitations, TMK, tingling in the extremities, intolerance of bright light, and temperature extremities" (R. 586). Similarly, records from other rheumatologists, Maria Cristina Soto-Aguilar (R. 437-446), Edgar Janer (R. 680-692) and Nicole Melendez (R. 2201-2220, 2032-2050); pain management specialist, Dr. Edgar Ramirez (R. 620, 627, 630, 641); and the Tampa Family Health Center (R. 699-753, 1436-1546, 2000-2012) document extensive symptomatology related to fibromyalgia.

Pursuant to Social Security Ruling 12-2p, effective July 25, 2012, subjective complaints are the "essential diagnostic tool" for fibromyalgia and physical examinations will usually yield normal results- a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions. Thus, SSR 12-2p instructs that fibromyalgia must be considered in the five-step sequential evaluation process, and instructs an ALJ on how to develop evidence and assess fibromyalgia in determining whether it is disabling. SSR 12-2p states that when making an RFC determination, an ALJ should "consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'good days and bad days.'" SSR 12-2p, 2012 WL 3104869 (2012). Additionally, when determining whether a claimant is capable of doing any past relevant work or other work that exists in significant numbers in the national economy, SSR 12-2p instructs an ALJ to consider widespread pain or other symptoms associated with fibromyalgia (such as fatigue) and to "be alert to the possibility that there may be exertion or nonexertional limitations, such as postural or environmental limitations, that may impact the analysis." *Id.*

The ALJ did not adequately consider the criteria specified in 20 C.F.R. § 404.1529(c)(3) as it relates to her fibromyalgia impairment, and failed to mention or follow SSR 12-2p which sets forth the criteria for evaluating fibromyalgia. *See Morgan v. Comm'r of Soc. Sec.*, 2015 WL 1311062 (M.D. Fla. Mar 24, 2015) (remanding where ALJ failed to mention or follow SSR 12-2p's criteria concerning fibromyalgia). As in *Morgan*, I am unable to determine whether the ALJ's ultimate disability determination is supported by substantial evidence because he failed to consider Plaintiff's fibromyalgia according to the criterion set forth in SSR 12-2p. *See also Francis v. Saul*, case no. 8:18-cv-2492-T-SPF, 2020 WL 1227589 (M.D. Fla. Marc. 13, 2020) (collecting cases

9

where courts within this circuit remanded due to ALJ's failure to consider SSR 12-2p's framework for evaluating fibromyalgia). Given the circuit's holding in *Moore*, Plaintiff's lack of objective clinical and laboratory findings, standing alone, cannot justify the rejection of her long-term treating doctor's opinions and her own pain account.[4] *Moore, supra,* 405 F.3d at 1211-12.  Against this backdrop, on remand the ALJ is instructed to re-consider Plaintiff's fibromyalgia when weighing the medical opinions, particularly Dr. Ina's opinions, weighing Plaintiff's subjective complaints, and formulating his RFC.

In light of the remand, the Court need not address these remaining arguments.  *See Jackson v. Bowen*, 810 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that where remand is required, it may be unnecessary to review the other issues raised).  However, I will address them briefly.  Plaintiff argues the ALJ erred in assessing her rheumatoid arthritis and chronic fatigue syndrome. These conditions both lack definitive laboratory findings to support their subjective and non-exertional characteristics (such as malaise, fatigue, and depression).  She also asserts the ALJ erred in considering her mental impairments.  In particular, she asserts the ALJ failed to properly consider treating psychiatrist Walter Afield's opinions and her difficulty maintaining attention, her problematic sleep, and her mood/affect.  She maintains the ALJ's RFC fails to account for her inability to concentrate and inability to maintain attention.  On remand, the ALJ is directed to consider the unique nature of rheumatoid arthritis and chronic fatigue syndrome, and to consider Plaintiff's mental impairments and any effect on her ability to concentrate and/or maintain

---

[4] Plaintiff testified at the most recent ALJ hearing that her fibromyalgia flares during hot weather and causes difficulties with using her hands (R. 868-870).  She has difficulty putting on jeans and avoids zippers and buttons; has difficulty styling her hair (so she cut it short); and has difficulty walking (so she limits her shopping and goes at night to avoid lines) (R. 302; 2273-2276).

attention.

*C. Conclusion*

For the reasons stated above, it is ORDERED:

1. The ALJ's decision is REVERSED, and the case is remanded to the Commissioner for further administrative proceedings consistent with this Order; and

2. The Clerk of Court is directed to enter judgment for Plaintiff and close the case.

DONE AND ORDERED at Tampa, Florida on May 22, 2020.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE